UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action Case No. 4:18-cv-00889 |
| ) | |
| v. ) | |
| ) | |
| THEERA HONGSONGKIAT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12, hereby moves for the entry of an order striking the Affirmative Defenses of failure to state a claim and misjoinder filed by Defendant, Theera Honsongkiat ("Defendant"), and states:

1. Defendant *pro se* Answer was filed on September 28, 2018 [CM/ECF 23]. The Answer states two affirmative defenses of failure to state a claim and misjoinder. However, the defenses are not supported with any facts or further information to put Plaintiff on notice as to the defenses.

2. The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

3. The Court has broad discretion to determine whether the challenged matter should be stricken. *See In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979); *Berry v. Lee*, 428 F. Supp. 2d 546, 563 (N.D. Tex. 2006).

4. Defendant's two affirmative defenses should be stricken pursuant to Fed. R. Civ. P. 12(f) because such defenses are barebone and do not provide adequate notice to Plaintiff, and no additional law or fact exists in support of these defenses.

5. "A defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008). "The fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

6. Here, Defendant's affirmative defenses simply name the defense and provide no other information.

7. "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013); see also *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1057 (5th Cir. 1982) ("Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law.").

8. Therefore, Defendant's two affirmative defenses should be stricken as insufficient.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order striking the affirmative defenses in the Answer filed by Defendant.

Dated: October 18, 2018    Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444
S.D. Tex. ID No. 642213
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262
E-mail: paul@beiklaw.com
**ATTORNEY FOR PLAINTIFF**

3

## **CERTIFICATE OF SERVICE**

     I hereby certify that, on October 16, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system and mailed via USPS to pro se defendant at:

Theera Chachris Hongsongkiat

8418 Kirksage Drive

Houston, TX 77089

                                                      By: /s/ Paul S. Beik
                                                      PAUL S. BEIK